## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

BILLIE BARRONE

    Plaintiff,

v.

CASE NO.: 21-cv-
HON:

CITY OF GRAND RAPIDS, and
MARK KONYNENBELT, in his individual and official capacities,

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>Shanna.suver@cjtrainor.com<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **BILLIE BARRONE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for their Complaint against the above-named Defendants states as follows:

1. Plaintiff BILLIE BARRONE is a resident of the City of Grand Rapids, County of Kent, State of Michigan.

2. That Defendant CITY OF GRAND RAPIDS is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

1

3. That Defendant MARK KONYNENBELT is and/or was a police officer employed by the Grand Rapids Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

4. All relevant events giving rise to this lawsuit occurred in the County of Kent, State of Michigan.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights] and 28 U.S.C. § 1367(a) [supplemental jurisdiction for state claims].

6. Venue is proper under 28 U.S.C. § 1391(b).

7. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

8. Defendants at all times acted under the color of state laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and its political subdivisions, including the City of Grand Rapids.

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

**FACTS**

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. On June 29, 2020, Plaintiff resided at 1136 Dunham Street in the City of Grand Rapids, Michigan.

12. Plaintiff owned a dog named "Jay Jay."

13. On June 29, 2020, Defendant MARK KONYNENBELT responded to Dunham Street regarding a complaint allegedly involving Plaintiff's dog.

14. After speaking with the individual(s) who made the complaint, and who explained that Plaintiff's dog did not actually bite him, Defendant Konynenbelt walked over to Plaintiff's residence.

15. Defendant Konynenbelt then began to speaking with Plaintiff and other individuals on porch of her residence, and asked who the dog belonged to; Plaintiff explained that the dog belonged to her.

16. Plaintiff further explained that Jay Jay is her emotional support animal, that he was on a leash at the time of the alleged complaint, and that he did not bite anybody.

17. Plaintiff requested that Defendants Konynenbelt to get off her porch, but Defendant Konynenbelt refused.

18. That when Plaintiff told Defendant Konynenbelt she did not want to talk anymore, he turned to enter her residence and stated, "Let's go get the dog then."

19. Plaintiff immediately told him no, and in response, Defendant Konynenbelt turned back, pointed directly into Plaintiff's face, laughed at her and claimed that he was just joking.

20. Plaintiff again told Defendant Konynenbelt to leave her property, again Defendant Konynenbelt refused.

21. Defendant Konynenbelt then told Plaintiff that he was going to write her a ticket but did not explain what that ticket would be.

22. Defendant Konynenbelt then asked for Plaintiff's name and she provided to him and even offered to give him her driver's license.

23. Defendant Konynenbelt then asked for Plaintiff's date of birth which she jokingly responded April 20, 2020.

24. Defendants Konynenbelt then grabbed Plaintiff's arms, bended them behind her back, and told her she was going to jail.

25. Plaintiff's roommate opened Plaintiff's door to retrieve shoes for Plaintiff and that is when Plaintiff's dog ran out of the home.

26. Plaintiff's dog ran around in circles out in the front yard and driveway of Plaintiff's home, as a young dog is predisposed to do.

27. Defendant Konynenbelt immediately stated, "I am going to go down and shoot that motherfucker."

28. Plaintiff's dog was running back to Plaintiff's home, away from the direction of any individuals, and Plaintiff's sister was very close to corralling the dog, when Defendant Konynenbelt shot and killed Jay Jay.

29. Defendant Konynenbelt admitted after the incident, this was not his first time shooting and killing someone's dog.

30. Jay Jay was three years old at the time he was murdered by Defendant Konynenbelt, and had been owned by Plaintiff since the age of 4 months, and in that time was not an aggressive animal.

31. As a result of the unlawfully shooting of Jay Jay, Plaintiff suffered economic and emotional losses directly attributable to Defendants' actions.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. That the Fourth Amendment of the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and property without due process of law and to be free from unreasonable searches and seizures.

34. At all material times, Defendants acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights.

35. Defendants' acted unreasonably and failed in his duty when he seized and destroyed Plaintiff's property, the canine, Jay Jay, without a warrant or probable cause.

36. Defendants' acts were objectively unreasonable to kill Jay Jay.

37. The killing of Jay Jay is a property seizure and deprivation that can constitute a claim under the Fourth Amendment, which can be brought under 42 U.S.C. § 1983.

38. The shooting of Plaintiff's dog was a severe intrusion given the emotional attachment between a dog and an owner.

39. Defendants acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

40. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of her Fourth Amendment rights.

41. Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## DEFENDANT CITY OF GRAND RAPIDS'S
## CONSTITUTIONAL VIOLATIONS

42. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

43. Defendant City of Grand Rapids acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

44. That these customs, policies, and/or practices included, but were not limited to, the following:

    a. Failing to train and/or supervise its officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c. Failing to supervise, review and/or discipline police officers whom the City of Grand Rapids knew or should have known were violating or were prone to violate

      citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

    d. Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens;

    e. Having a custom, policy, and/or practice of unlawfully seizing citizens' property.

45. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

46. Defendants' deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

47. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

    **WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT III
### CONVERSION

48. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

49. Conversion is distinct act of dominion wrongfully exerted over another person's property in denial of or inconsistent with their rights therein under Michigan law.

50. Defendants' killing of the canine Jay Jay was a distinct act of dominion wrongfully exerted over Plaintiff's dog in denial of or inconsistent with Plaintiff's rights.

51. As a result of Defendants' unlawful actions, Plaintiff suffered injuries and damages.

7

52. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

                                                 Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
THOMAS P. KERR (P84864)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

Dated: December 6, 2021
CJT/tpk

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

BILLIE BARRONE

    Plaintiff,

v.

CASE NO.: 21-cv-
HON:

CITY OF GRAND RAPIDS, and
MARK KONYNENBELT, in his individual and official capacities,

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>Shanna.suver@cjtrainor.com<br>Amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **BILLIE BARRONE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

    Respectfully Submitted,
    CHRISTOPHER TRAINOR & ASSOCIATES

    **/s/Christopher J. Trainor**
    CHRISTOPHER J. TRAINOR (P42449)
    AMY J. DEROUIN (P70514)
    THOMAS P. KERR (P84864)
    Attorneys for Plaintiff

Dated: December 6, 2021     9750 Highland Road
CJT/tpk     White Lake, MI 48386
    (248) 886-8650