UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BILLIE BARRONE

    Plaintiff,

v.

CASE NO.: 21-cv-01032
HON: JANE M. BECKERING

CITY OF GRAND RAPIDS, and
MARK KONYNENBELT, in his individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | CITY OF GRAND RAPIDS<br>ELIZABETH J. FOSSEL (P41430)<br>TOBIJAH B. KOENIG (P72367)<br>Attorneys for Defendants<br>350 Ottawa Avenue NW<br>Grand Rapids, MI 49503<br>616-456-3099<br>616-915-8375-cell<br>efossel@grand-rapids.mi.us |
|---|---|

**JOINT STATUS REPORT**

**NOW COME** the parties, by and through their respective attorneys, and in accordance with the Honorable Court's *Order Setting Rule 16 Scheduling Conference* **[ECF No. 11]**, and having conferred, submit the following Joint Status Report:

A Rule 16 Scheduling Conference is scheduled for March 4, 2022 at 2:30 P.M., before Hon. Jane M. Beckering. Appearing for the parties as counsel will be:

    For Plaintiff:                      Jonathan A. Abent

    For Defendants:             Elizabeth J. Fossel

1

**1. JURISDICTION:**

The basis for this Honorable Court's jurisdiction is 28. U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

**2. JURY:**

This case will be tried before a jury.

**3. JUDICIAL AVAILABILITY:**

Defendants agree, but Plaintiff respectfully does not agree, to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

**4. STATEMENT OF THE CASE:**

(i) **Plaintiff's Position**

On June 29, 2020, Plaintiff Billie Barrone ("Ms. Barrone") resided at 1136 Dunham Street in the City of Grand Rapids with her dog named "Jay Jay." On that day, Defendant Mark Konynenbelt ("Defendant Konynenbelt") responded to Dunham Street regarding a complaint allegedly involving Ms. Barrone's dog. After speaking with the individual(s) who made the complaint and who explained that Ms. Barrone's dog did not actually bite him/them, Defendant Konynenbelt walked over to Ms. Barrone's residence. Defendant Konynenbelt then began speaking with Ms. Barrone and other individuals on porch of her residence, and asked who the dog belonged to; Ms. Barrone explained that the dog belonged to her.

Ms. Barrone further explained that Jay Jay was her emotional support animal, that he was on a leash at the time of the alleged complaint, and that he did not bite anybody. Ms. Barrone then requested that Defendants Konynenbelt leave her porch, but Defendant Konynenbelt refused. When Ms. Barrone further told Defendant Konynenbelt she did not want to talk anymore, he turned

to enter her residence and stated, "Let's go get the dog then." Ms. Barrone immediately told him no, and in response, Defendant Konynenbelt turned back, pointed directly into Ms. Barrone's face, laughed at her, and claimed that he was just joking.

Ms. Barrone again told Defendant Konynenbelt to leave her property, and again Defendant Konynenbelt refused. Defendant Konynenbelt then told Ms. Barrone that he was going to write her a ticket, but did not explain what that ticket would be. Defendant Konynenbelt then asked for Ms. Barrone's name, which she provided to him, and even offered to give him her driver's license. Defendant Konynenbelt then asked for Ms. Barrone's date of birth, and she jokingly responded April 20, 2020.

Defendant Konynenbelt then grabbed Ms. Barrone's arms, bent them behind her back, and told her she was going to jail. Ms. Barrone's roommate opened Ms. Barrone's door to retrieve shoes for Ms. Barrone, and the dog ran out of the home. Ms. Barrone's dog then ran around in circles out in the front yard and driveway of Ms. Barrone's home, as a young dog is predisposed to do. Defendant Konynenbelt immediately stated, "I am going to go down and shoot that motherfucker." Ms. Barrone's dog was running back to Ms. Barrone's home, away from the direction of any individuals, and Ms. Barrone's sister was very close to corralling the dog, when Defendant Konynenbelt shot and killed Jay Jay.

Defendant Konynenbelt admitted after the incident, this was not his first time shooting and killing someone's dog. Jay Jay was three years old at the time he was murdered by Defendant Konynenbelt, and had been owned by Ms. Barrone since the age of 4 months, and in that time was not an aggressive animal.

As a result of the subject incident, Ms. Barrone suffered economic and noneconomic damages directly attributable to Defendants' unlawful actions. Accordingly, Ms. Barrone filed the

3

instant case and alleges the following claims against Defendants: (1) violations of the *Fourth Amendment*, 42 U.S.C. § 1983, as to Defendant Konynenbelt; (2) constitutional violations, i.e., a *Monell* claim, again Defendant City of Grand Rapids; and (3) a state-law conversion claim against Defendants.

    (ii)    **Defendants' Position:**

Defendant, Konynenbelt, was dispatched to the scene of a reported dog biting case, along with several animal control officers. Upon interviewing the victim of the bite – who noted that the dog bit his leg – Defendant, Konynenbelt, proceeded to the residence where the biting took place. Plaintiff acknowledged that the dog belonged to her but alleged that it had been leashed at the time of the alleged attack. Officers noted a retractable leash attached to the house that allowed the dog to reach all the way to the sidewalk where the victim had claimed he had been attacked. At that time, the dog was in the house, continually barking. Plaintiff refused to come down to the sidewalk to speak with the officers but instead told Defendant Konynenbelt to come up to her on her porch. Defendant Konynenbelt did so, but as his investigation progressed, Plaintiff became obstructive, to the point that, when she was informed that she would be getting a ticket, she gave patently false information about herself to the officer, leading to her arrest. As Defendant took Plaintiff into custody, another person on the porch opened the door to the house, and the dog escaped. It immediately headed for the animal control people who had to use their bite sticks to defend themselves as the dog grabbed one of the Animal Control Officer's pant leg in its mouth. Defendant Konynenbelt then went to their aid and the dog ran towards him. Defendant Konynenbelt shot the dog at that juncture. After these events, a neighbor thanked the officers as the dog had been aggressive with him.

Defendants have answered Plaintiff's Complaint denying all liability and asserting multiple affirmative defenses including, but not limited to, qualified immunity, as no reasonable officer in Defendant Konynbelt's position would have believed his actions were unlawful and/or Plaintiff cannot establish a violation of any clearly established constitutional right. With respect to the Monell claim against the City, Plaintiff fails to identify, and cannot prove, a policy, procedure, or custom that caused a violation of Plaintiff's constitutional rights. Further, to the extent that Plaintiff alleges state law tort claims, Defendants are entitled to governmental immunity.

**5. PROSPECTS OF SETTLEMENT:**

The parties have engaged in preliminary settlement negotiations as of the date of the writing. The parties intend to engage in additional negotiations. Defendants suggest an early settlement conference with the Court prior to the need for discovery. Plaintiff suggests that negotiations occur after meaningful discovery has occurred, such as the parties' depositions.

**6. PENDENT STATE CLAIMS:**

This case includes a state-law conversion claim.

**7. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **May 6, 2022**.

**8. DISCLOSURES AND EXCHANGES:**

(a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

Plaintiff and Defendants: **April 1, 2022.**

(b) The parties expect to be able to furnish the names of their respective expert witness(es)as follows: Plaintiff by **September 9, 2022**, and Defendants by **October 11, 2022.**

(c) It **would** be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged as follows: Plaintiff by **September 9, 2022**, and Defendants by **October 11, 2022.**

(d) The parties have agreed to make available the following documents without the need for a formal request for production:

**The parties will serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Paragraph 8(a) of this Report.**

9. <u>DISCOVERY:</u>

The parties believe that all discovery proceedings can be completed by **November 11, 2022.** The parties recommend the following discovery plan:

The parties will engage in fact discovery where they will explore Plaintiff's claims, alleged injuries and damages, and Defendants' defenses. The parties will limit their interrogatories to not exceed more than 25. Discovery depositions will be limited to no more than 10 per side unless leave is permitted by the Court. Furthermore, the presumptive time limits for depositions (1 day of seven hours) should not be modified in this case absent further order of this Court.

10. <u>DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION:</u>

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties anticipate that the bulk of all document discovery will involve the disclosure of paper documents or tangible things, rather than electronically stored records. If such records are sought, the parties agree to confer on limitations to the scope of disclosure, the means of disclosure, and the cost associated with production, prior to submitting such a request to opposing counsel, to abide Fed. R. Civ. P. 26(b)(5)(B) concerning inadvertent disclosure of privileged

material, and to confer with each other in good faith before seeking judicial assistance to compel disclosure.

## 11. ASSERTIONS OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTIONS:

The parties agree that if either of them realizes that arguably privileged material has been disclosed the matter will be handled pursuant to the procedure set forth at Fed. R. Civ. P. 26(b)(5)(B). In addition, the parties anticipate seeking a protective order, by stipulation, to prevent the dissemination of any documents where they agree a privilege exists or disclosure should be controlled. In every respect, the burden of proof will remain with the party advocating the privilege, confidentiality, or bar from disclosure.

## 12. MOTIONS:

The parties acknowledge that W.D. Mich. L. Civ. R 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositve motions, counsel involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The parties anticipate that all dispositive motions will be filed by **December 23, 2022.**

## 13. ALTERNATIVE DISPUTE RESOLUTION:

In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties are agreeable to a referral to an early settlement conference with the Magistrate Judge.  Plaintiff proposes a settlement conference after the parties' depositions have been taken. Defendants propose a settlement conference as early as possible following the Rule 16 conference.

**14. <u>LENGTH OF TRIAL:</u>**

Counsel estimate the trial will last approximately 4 days total, allocated as follows: 2 days for Plaintiff's case and 2 days for Defendants' case.

**15. <u>ELECTRONIC DOCUMENT FILING SYSTEM:</u>**

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for filing under the rule. The Court expects all counsel abide by the requirements of this rule.

Respectfully submitted,

| | |
|---|---|
| /s/ **Jonathan A. Abent**_____ | /s/ **Elizabeth J. Fossel (w/ permission)** |
| Jonathan A. Abent (P78149) | Elizabeth J. Fossel (P41430) |
| Attorney for Plaintiff | Attorney for Defendants |