UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLIE BARRONE,

     Plaintiff,

                                Case No. 1:21-cv-1032

v.

                                HON. JANE M. BECKERING

CITY OF GRAND RAPIDS, et al.,

     Defendants.

_____/

**CASE MANAGEMENT ORDER**

     **IT IS HEREBY ORDERED:**

| | | |
|---|---|---|
| Motions to Join Parties or Amend Pleadings | | MAY 6, 2022 |
| Rule 26(a)(1) Disclosures | | APRIL 1, 2022 |
| Disclose Name, Address, Area of Expertise and provide a short summary of expected testimony of all testifying experts (Rule 26(a)(2)(A)) | Plaintiff: Defendants: | SEPTEMBER 9, 2022 OCTOBER 11, 2022 |
| Disclosure of Expert Witness Reports (Rule 26(a)(2)(B)) | Plaintiff: Defendants: | SEPTEMBER 9, 2022 OCTOBER 11, 2022 |
| Voluntary Exchange of Documents | | APRIL 1, 2022 |
| Completion of Discovery | | NOVEMBER 14, 2022 |
| Dispositive Motions | | DECEMBER 23, 2022 |
| Interrogatories will be limited to: (Single Part Questions) | | 25 single part questions |
| Depositions will be limited to: (Fact Witnesses Per Party) | | 10 per party |
| Early Settlement Conference | Date Time Before | JUNE 8, 2022 1:30 PM Hon. Ray Kent |

1.     JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS:  All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

2.     DISCLOSURES AND EXCHANGES:  Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

3.      <u>DISCOVERY</u>:  All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above.  Depositions will be limited as set forth in the table above.  There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

4.      <u>MOTIONS</u>:

      a.      Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They may be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

      b.      Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above.  If the dispositive motion is based on depositions, the Court prefers that parties file the entire deposition transcript with the relevant portions highlighted. Alternatively, a party may file only those excerpts that are relevant to the motion. If the dispositive motion references answers to interrogatories as a supporting document, then only those excerpts that are relevant to the motion shall be filed.  The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule. **Pursuant to Administrative Order 07-026, one courtesy copy of all dispositive motion papers (including responses and replies) and all accompanying exhibits must be submitted directly to the judge's chambers on paper.  The copy must be hand-delivered or sent via first class mail the same day the document is e-filed**.

5.      <u>ALTERNATIVE DISPUTE RESOLUTION</u>:  In the interest of facilitating prompt resolution of this case, this matter is submitted to an early settlement conference with a Magistrate Judge.  The parties shall review and comply with the settlement conference instructions set forth below.

6.      <u>SETTLEMENT CONFERENCE</u>:  The parties are under an ongoing obligation to engage in good faith settlement negotiations.  A settlement conference has been scheduled before **Magistrate Judge Ray Kent, U.S. District Court, 580 Federal Building, 110 Michigan St NW, Grand Rapids, Michigan**, as set forth above.

      a.      <u>Persons Required to Attend</u>.  Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority.  Both shall attend in person.  The person with settlement authority must come cloaked with the authority to accept, without further contact with another person, the settlement demand of the opposing parties.  An insured party shall also appear by a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand.  W.D.Mich. LCivR 16.8

b.        <u>Settlement Letter to Opposing Party</u>.   A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.   Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendants' counsel with a brief explanation of why such a settlement is appropriate.  This may lead directly to a settlement.  If settlement is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to chambers no later than three (3) business days before the conference.  Letters should be mailed, hand delivered, or e-mailed to kentmediation@miwd.uscourts.gov.  Do not file copies of these letters in the Clerk's Office.

c.        <u>Confidential Settlement Letter to Court</u>.   In addition, three (3) business days before the conference, each party or their attorney shall submit to the chambers of Judge Ray Kent a confidential letter concerning settlement.  Letters should be mailed, hand delivered, or e-mailed to kentmediation@miwd.uscourts.gov.  A copy of this letter need not be provided to any other party.  Do not file a copy of this letter in the Clerk's Office.  All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer.  The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement.  Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

**Counsel and the parties shall comply with the current version of the undersigned's Information and Guidelines for Civil Practice** (available on the court's website).

Dated:  <u>March 4, 2022</u>                             <u>/s/ Jane M. Beckering</u>
                                                  JANE M. BECKERING
                                                  UNITED STATES DISTRICT JUDGE